**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

___

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case 16-31189 |
| Tracy J. Clement, | : | Chapter 11 |
| Debtor. | : | Hon. Michael E. Ridgway |
| | : | |
| Phillip L. Kunkel, as Chapter 11 Trustee, | : | |
| Plaintiff, | : | |
| vs. | : | Adv. Case No. _____ |
| Delvin L. Drinkall, and Lucille D. Drinkall, | : | |
| Defendants. | : | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO**
**11 U.S.C. §§ 547, 548, AND 550**

Phillip L. Kunkel, as the chapter 11 trustee of the Tracy J. Clement bankruptcy estate (the "Plaintiff" or "Trustee"), by and through his undersigned counsel, brings this Complaint against Delvin L. Drinkall ("Delvin") and Lucille D. Drinkall ("Lucille" and along with Delvin, the "Defendants"). In support thereof, the Trustee states and alleges as follows:

**JURISDICTION AND VENUE**

1.  Tracy J. Clement (the "Debtor") filed his voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on April 11, 2016 (the "Petition Date").

2.  By an Order dated September 19, 2017, the Court confirmed the appointment of Plaintiff [Doc. No. 518]. Plaintiff is currently the duly qualified and acting trustee in the Debtor's

pending case (the "Case").

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1); 1334 and 2201(a); Fed. R. Bankr. P. 5005, 7001(2) and (9) and 7013; and Local Rule 1070-1.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding is related to a case under title 11 currently pending before this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

5. This is a core proceeding pursuant to 28 U.S.C. §§ § 157(b)(2)(K).

6. This adversary proceeding is referred to the bankruptcy court pursuant to Local Rule 1070-1. Pursuant to 28 U.S.C. § 157(c)(2), the Trustee consents to the reference of this proceeding to the bankruptcy court to hear, determine, and to enter appropriate orders and judgment.

## PARTIES

7. By order dated September 19, 2017, the Trustee was appointed as the chapter 11 trustee for the Tracy J. Clement bankruptcy estate [Case No. 16-31189, Doc. No. 518].

8. Defendants are, upon information and belief, citizens of the State of Minnesota with a residential address of 18355 790th Avenue, Ostrander, Minnesota 55961. Upon information and belief, Defendants are related to Debtor's former spouse, who he divorced in 2012. Despite the divorce, on information and belief, Defendants remained close to Debtor during the time period at issue. Upon information and belief, Delvin and Debtor were former business partners in a business partnership.

## BACKGROUND FACTS

9. Plaintiff seeks to avoid and recover from Defendants or any other person or entity for whose benefit transfers were made pursuant to sections 547, 548 and 550 of the Bankruptcy

Code any transfers that may be considered preference payments or transfers or have been fraudulent conveyances.

## The $20,000 Transfer

10.  Prior to the Petition Date, the Debtor held multiple bank accounts at CUSB Bank, including a personal account known as the "Farm Account."

11.  Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of the Debtor's property made by the Debtor to Defendants within the time period at issue, including transfers from the Farm Account.

12.  Plaintiff has determined that the Debtor made a transfer of an interest of the Debtor's property to or for the benefit of Defendants on or about September 8, 2015 in the amount of $20,000.00 (the "$20,000 Transfer").

13.  Specifically, on September 8, 2015, Debtor issued a check, Check No. 9533, from the Farm Account in the amount of $20,000.00 made payable to Defendant.

14.  Check No. 9533 cleared the Farm Account and $20,000.00 was deducted from Debtor's Farm Account, on September 8, 2015.

## The Land Swap

15.  On March 23, 2016, and just a few weeks prior to the Petition Date, Debtor conveyed real property to the Defendants, located in Mower County, Minnesota (the "Mower County Property"). The deed of which was recorded on March 28, 2016 with the Mower County Recorder as Doc. No. A625663.

16.  According to a property tax statement issued by Mower County, in 2017, the Mower County Property had an estimated market value of $455,900.00.

17. Upon information and belief, and just a few weeks prior to the Petition Date, Defendants conveyed real property to the Debtor, located in Howard County, Iowa (the "Howard County Property").

18. According to a property tax statement issued by Howard County, in 2017, the Howard County Property had an estimated market value of $80,600.

19. Plaintiff has completed an analysis of all readily available information of the "Land Swap" of the Mower County Property for the Howard County Property and has determined that the Debtor did not receive reasonably equivalent value as a result of the "Land Swap" (the "Land Swap" along with the $20,000 Transfer, collectively the "Transfers" or individually as the "Transfer").

20. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the time period at issue, including possibly the preference period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor's in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendants' name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIM FOR RELIEF

### COUNT I
### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

21. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

22. During the time period at issue, Delvin was a business partner of Debtor and was in a business partnership with Debtor, and, pursuant to 11 U.S.C. § 101(31), is considered an insider under the Bankruptcy Code. As such, the Preference Period applicable to Delvin – as to the $20,000 Transfer – is one-year prior to the Petition Date.

23. As to Lucille, the "Land Swap" occurred within 90 days of the Petition Date (each applicable time period hereinafter known as the "Preference Period").

24. As more particularly described in Paragraphs Nos. 12-19, during the Preference Period, the Debtor made Transfers to or for the benefit of Defendants in an amount to be determined at trial.

25. Each Transfer was made from either Debtor's Farm Account or transfer of Debtor's ownership interest in real property to Defendants and constituted transfers of an interest in property of the Debtor.

26. Defendants were creditors at the time of each Transfer by virtue of supplying the Debtor goods and/or services for which the Debtor was obligated to pay following delivery.

27. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by the Debtor to Defendants.

28. Each Transfer was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendants before such Transfers were made, as asserted by Defendants, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by the transferring Debtor.

29. Each Transfer was made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

30. As a result of each Transfer, Defendants received more than they would have received if: (i) the Debtor's case were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants received payments of their debts under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed his assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estates.

31. In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
### (Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(A))

32. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

33. To the extent the Transfers were not made on account of an antecedent debt, were a prepayment for goods and/or services subsequently received, or were transfers made by the Debtor that was not ultimately directed by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor made the Transfers or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted (the "Potentially Fraudulent Transfers").

34. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A).

## COUNT III
### (Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B))

35. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

36. To the extent the Transfers were not made on account of an antecedent debt, were a prepayment for goods and/or services subsequently received, or were transfers made by the Debtor that was not ultimately directed by the Debtor incurring the debt, Plaintiff pleads in the alternative that the Debtor did not receive reasonably equivalent value in exchange for the Potentially Fraudulent Transfers; and

   A. The Debtor was insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers;

   B. The Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with the Debtor or for whose benefit the Transfers were made was an unreasonably small capital; or

   C. The Debtor intended to incur, or believed he would incur, debts beyond their ability to pay upon maturity.

37. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT IV
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

38. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

39. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), and any potentially Fraudulent Transfers based on 11 U.S.C. §548 (collectively the "Avoidable Transfers").

40. Defendants were the initial transferees of the Avoidable Transfers or the immediate or mediate transferees of such initial transferee or were the persons for whose benefit the Avoidable Transfers were made.

41. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendants the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter an order:

A. On Plaintiff's claims for relief, judgment in favor of Plaintiff and against Defendants, avoiding the Avoidable Transfers and directing Defendants to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547, 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees; and

B. Granting such further relief as the Court deems just and equitable.

Date: September 18, 2018

GRAY, PLANT, MOOTY,
   MOOTY & BENNETT, P.A.

*/s/ Samuel J.H. Sigelman*
Samuel Sigelman (#331089)
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612-632-3001
Fax: 612-632-4000
samuel.sigelman@gpmlaw.com

*Attorneys for Phillip L. Kunkel,
as Trustee*